IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAMELA CROSBY,                    )
                                  )
        Plaintiff,                )
                                  )
    v.                            )    No.  11 C 4916
                                  )
HOME DEPOT USA, INC.,             )
                                  )
        Defendant.                )

## MEMORANDUM OPINION AND ORDER

Home Depot U.S.A., Inc. ("Home Depot") has filed a Notice of Removal ("Notice") to bring this personal injury action brought against it by Pamela Crosby ("Crosby") from the Circuit Court of Cook County to this District Court. This memorandum opinion and order is issued sua sponte because the Notice and accompanying documents appear to raise a possible question as to the timeliness of the removal.

In that respect 28 U.S.C. §1446(b)[1] specifies that a notice of removal "shall be filed within thirty days after the receipt by the defendant, though service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Then the second paragraph of Section 1446(b) sets out a potential hedge on that mandate by stating in material part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

> thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Under Illinois law (75 ILCS 5/2-604) a personal injury plaintiff cannot specify an ad damnum in the complaint. Hence the Complaint in this action simply asks for judgment "in an amount in excess of the minimum jurisdictional limits of this court plus the costs of this action and whatever other relief this honorable court deems just and proper." Faced with that unquantified prayer for relief, Home Depot's Notice ¶3 treats the 30-day removal clock as having started ticking on July 12, 2011:

> On July 12, 2011, Defendant's counsel spoke with Plaintiff's counsel and was advised that the Plaintiff sustained a shoulder injury requiring surgery with approximately $30,000 in medical bills. As such, it appears that Plaintiff's damages will exceed $75,000.00.

That, however, may or may not suffice to demonstrate timeliness. Both Notice ¶1 and the official Circuit Court stamp on the Complaint identify June 8, 2011 as the date the Complaint was filed in that court. Thus 43 days elapsed between that June 8 filing date and the July 21 date on which the Notice was filed, and nothing in the Notice or any of its attachments reflects the date on which Home Depot was served, so that the date of service may have preceded the removal by more than 30 days. If that is in fact the case, the allegations in the Complaint become a critical factor.

On that score, on whatever date Home Depot received a copy of the Complaint here is what it learned as to Crosby's claim, as set out in Complaint ¶5 (emphasis added):

> That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, the Plaintiff while lawfully on the aforesaid premises of the Defendant and acting with due care and caution for her own safety, was caused to trip over the pallet on the floor of the defendant's premises, and was caused to fall with great force and violence on the surface of said premise, thereby causing severe and disabling injuries; that she became and was, and may in the future remain sick, sore, lame and disabled; that she suffered, and may in the future suffer great pain, anguish and physical impairment; <u>that she has spent, and may in the future spend, a large sum of money for medical, hospital and doctor care and attention; that she was unable to, and may in the future be unable to, attend to her usual duties and affairs for a long period of time, to her great detriment</u>.

It is of course conventional wisdom that references to a plaintiff being "sick, sore, lame and disabled" are garden-variety stuff that may commonly be inserted into minor (or even trivial) personal injury lawsuits. But the same cannot be said about a reference to "a large sum of money for medical, hospital and doctor care and attention" or, for that matter, about the rest of the underscored language.

At a minimum, that is enough to put a personal injury defendant on inquiry notice as to whether the amount in controversy is at least $75,000 (the floor in a diversity action such as this one). And indeed, if the information referred to in Notice ¶3 and quoted earlier in this opinion sufficed to confirm

3

the requisite amount in controversy, the Complaint's allegations alone would appear to have done the same, calling into play the first paragraph of Section 1446(b).

Consequently, depending on the dates involved, the Section 1446(b) timeliness requirement may or may not have been satisfied. Accordingly Home Depot's counsel is ordered to supplement the Notice on or before August 5, 2011 to set out the date of service and, if that date was more than 30 days before the July 21 Notice filing, a statement (buttressed by relevant authority) in response to what has been said here. In the meantime this Court is contemporaneously issuing its customary initial scheduling order.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 26, 2011